UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KURT KUSHNER, | ) | Case No. 2:18-cv-1020 |
| | ) | |
| Plaintiff, | ) | Judge _____ |
| | ) | |
| v. | ) | Magistrate Judge _____ |
| | ) | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, and THE BENEFITS ADMINISTRATIVE COMMITTEE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Kurt Kushner ("Plaintiff or "Mr. Kushner"), brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, to recover appropriate equitable relief for violations of ERISA against Defendants Nationwide Mutual Insurance Company ("Nationwide") and The Benefits Administrative Committee ("the BAC"), and for his Complaint, states as follows.

### The Parties

1.  Plaintiff Kurt Kushner, a resident of Lackawanna County, Pennsylvania, was employed by Nationwide and worked for Nationwide in northeastern Pennsylvania until December 31, 2017 and was at all relevant times a participant in the Nationwide Severance Pay Plan (the "Severance Plan").

2.  Defendant Nationwide is headquartered at One Nationwide Plaza, Columbus, OH 43215-2220, in this District, it is a sponsor of the Severance Plan, and it is a fiduciary within the meaning of ERISA §§3(16) and (21), 29 U.S.C. §§1002(16), (21).

3.  The Defendant BAC is the Severance Plan Administrator, is a Named Fiduciary, is a fiduciary within the meaning of ERISA §§3(16) and (21), 29 U.S.C. §§1002(16), (21), in that,

1

*inter alia*, it exercised discretionary authority or discretionary responsibility in the administration of the Severance Plan, and has an address at One Nationwide Plaza, P.O. Box 182171, Columbus, OH 43218-2171.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

5. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2) because Defendants reside in this District.

**Facts**

6. On July 1, 1998, Mr. Kushner was first employed by Nationwide as a sales agent, in which position he sold and serviced Nationwide property and casualty insurance policies and sold and serviced Nationwide financial products directly to clients who engaged him as their financial adviser.

7. On February 17, 2003, Mr. Kushner began employment with Nationwide as Agency Financial Product Wholesaler or Regional Marketing Director. In this position, Mr. Kushner was responsible for the support, promotion and development of more than 100 Nationwide agents and registered representatives in eastern Pennsylvania for the sales of Nationwide financial products and services.

8. Upon assuming the position of Agency Financial Product Wholesaler or Regional Marketing Director, Nationwide informed Mr. Kushner in writing that he was a participant in the Nationwide Retirement Plan (the "NRP").

9. In early 2004, Nationwide sent to Mr. Kushner a personalized 2003/2004 Total Rewards Statement prepared as of January 1, 2004. This Total Rewards Statement contained a summary of benefits offered by Nationwide. With respect to the NRP, the 2003/2004 Total

Awards Statements stated: "As of Dec. 31, 2003, you were 100% **vested** in your accrued benefit or account balance" (emphasis in original), noting a hire date of 2/17/2003.  The 2003/2004 Total Rewards Statement provided an estimate of Mr. Kushner's benefits under the NRP based on this information.

10. Upon receipt of this Total Rewards Statement, Mr. Kushner called the Associate Service Center to confirm that was 100% vested in the NRP, while acknowledging that he was only 20% vested in a 401(k) plan offered by Nationwide and in which he participated.  The representative at the Associate Service Center confirmed that he was 100% vested in the NRP and concluded that it was based on his years as an agent, thus expressly representing that the NRP recognized his years of service as an agent in determining his benefit under the NRP.

11. Nationwide repeatedly made misstatements to Plaintiff regarding his retirement benefits over the course of a decade, even though it had an opportunity to recognize and fix any error in determining Mr. Kushner's years of service, but failed to do so.

12. By 2014, the Total Awards Statements sent to Mr. Kushner stated that his estimated accrued monthly benefit as of the date of the Total Rewards Statement, payable on his normal retirement date would be $4129 and that his estimated monthly benefits, if he continued working through his normal retirement date (NRD) of 12/1/23 would be $6401.

13. In addition to estimating that his monthly benefit if he continued to work for Nationwide through his NRD would be $7916, the 2009/2010 Total Awards Statements informed Mr. Kushner that Nationwide had made changes to the final average pay ("FAP") formula that became effective on January 1, 2010, but that his estimated immediate monthly benefit as of December 31, 2009 shown in the Total Awards Statements "were not affected by the changes," and "the estimated monthly benefit payable at your [NRD] is also unaffected by the changes."

3

14. In October or November 2014, it was discovered that the estimates stated above were in error, and Mr. Kushner was informed that his adjusted accrued benefit was only $1327 (not $4129 as set forth in the most recent Total Awards Statements) per month and that his projected benefit at age 65 was $2191 per month (and not $6401, as set forth in the most recent Total Rewards Statement).

15. Nationwide advised Mr. Kushner to submit a claim for benefits even though the claim would be denied, but encouraged him to do so in order to appeal to The Administrative Committee, the Plan Administrator of the NRP. Nationwide further advised Mr. Kushner that an appeal to The Administrative Committee was required under ERISA prior to pursuing legal action. Thus, while Mr. Kushner exhausted his administrative remedies under the NRP, Nationwide anticipated that Mr. Kushner would institute litigation following the denial.

16. On November 25, 2014, Mr. Kushner submitted a claim to have the benefits promised in his Total Awards Statements from 2003 through 2013/2014 restored.

17. As Nationwide had earlier advised, a letter dated January 19, 2015 set forth the adverse determination on Mr. Kushner's claim by the Director of the Associate Service Center. The January 19, 2015 letter stated that the amounts reported on the Total Awards Statements were based on an incorrect date of hire of July 1, 1998, the date Mr. Kushner became an independent agent for Nationwide, but was not eligible to participate in the NRP, rather than his date of hire as a salaried employee of February 17, 2003. The January 19, 2015 letter further stated that this error caused Mr. Kushner's period of service as an independent contractor agent to be inappropriately factored into his benefit calculations and caused the incorrect benefit formula to be applied when his benefit was calculated.

18. The letter dated January 19, 2015 also stated that Mr. Kushner's benefit should have been calculated according to the Account Balance Formula, applied to employees who begin to accrue vesting service after January 1, 2002, rather than the FAP formula.

19. In a letter dated February 19, 2015, Mr. Kushner timely appealed the adverse determination, requesting that the Administrative Committee adopt July 1, 1998 as his date of hire and apply the FAP formula in calculating the amount of the monthly benefit.

20. In a letter dated May 26, 2015, the Committee denied the appeal, adopting the reasons set forth in the adverse determination letter.

21. On August 15, 2017, Mr. Kushner filed a Complaint in this Court, styled Kushner v. Nationwide, et al, Case No. 2:17-cv-715 (the "NRP Lawsuit"), seeking appropriate equitable relief for violations of ERISA and the terms of the NRP under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3). The Complaint was later amended to add additional claims which arose and/or were discovered after the filing of the original Complaint, including a claim for benefits under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), and a claim that the defendants in the NRP Lawsuit reduced an accrued benefit. The NRP Lawsuit is still pending.

22. On November 2, 2017, approximately 10 weeks after the filing of the original Complaint, Nationwide sent Notification of Job Elimination to Mr. Kushner, who was advised that his position would be eliminated effective December 31, 2017.

23. The Notice included a Severance Payment and Release Agreement that offered a severance payment and a supplemental payment totaling approximately $50,000 under the Severance Plan.

24. The Severance Plan provides severance pay to associates of Nationwide when:

- Your employment relationship with all Participating Employers and Non-Participating Employers ends due solely to an Involuntary Termination due to Job Elimination; and

5

- You signed a Severance Payment and Release Agreement within the timeframe communicated by the Plan Administrator.

25. Mr. Kushner's employment relationship with Nationwide ended due solely to "Involuntary Termination due to Job Elimination."

26. The Severance Payment and Release Agreement included with the Notice required a release of claims, but stated that it was not intended to alter or affect Mr. Kushner's vested rights in, or accrued amounts owed by the NRP and other benefit plans not at issue.

27. After Defendants agreed to an extension of time for Mr. Kushner to sign and return the Severance Payment and Release Agreement, Mr. Kushner submitted to Nationwide the Severance Payment and Release Agreement in which he inserted a clarification that his right to dispute the value of his vested rights in or accrued amounts owed by the NRP, the subject of the NRP Lawsuit, was not affected by the Severance Payment and Release Agreement.

28. Nationwide refused to accept Mr. Kushner's clarification, and denied him the severance payments set forth in the Severance Payment and Release Agreement.

29. The Severance Payment and Release Agreement provided to Mr. Kushner was inconsistent with the language of the Severance Payment and Release Agreement that "nothing in this agreement shall alter or affect Employee's vested rights in or accrued amounts owed by, the NRP …"

30. The Severance Payment and Release Agreement provided to Mr. Kushner was inconsistent with the language of the Severance Plan that Defendants, who are fiduciaries, have a duty to operate the Severance Plan "in the interest of you and other Plan Participants and beneficiaries. No one, including your employer … may fire you or otherwise discriminate against you in any way to prevent you from obtaining a welfare benefit or exercising your rights under ERISA."

6

31. On January 8, 2018, Mr. Kushner filed a claim for benefits under the Severance Plan.

32. In a letter dated February 7, 2018, signed by Cynthia Hughes, as Secretary for the Benefits Administrative Committee, Mr. Kushner's claim was denied.

33. The February 7, 2018 letter did not reference the specific provision of the Severance Plan on which the determination to deny Mr. Kushner's claim was based or include a description of any additional material or information necessary for Mr. Kushner to perfect the claim and an explanation of why such material or information is necessary, as required by 29 C.F.R. §2540.503-1(g)(1)(iii).

34. On April 6, 2018, Mr. Kushner timely appealed the February 7, 2018 denial.

35. In a letter dated May 8, 2018, signed by Cynthia Hughes, as Secretary for the Benefits Administrative Committee, Mr. Kushner's appeal was denied.

36. Mr. Kushner exhausted his administrative remedies.

**CLAIM FOR BENEFITS UNDER ERISA § 502(a)(1)(B), 29 U.S.C § 1132(a)(1)(B)**

37. Plaintiff incorporates by reference the allegations in the previous paragraphs of this Complaint as if set forth herein.

38. Mr. Kushner asserts this claim under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), which provides that a participant may bring a civil action to recover benefits due under the terms of his plan, to enforce his rights under the terms of his plan, or to clarify his rights to future benefits under the terms of his plan.

39. Requiring Mr. Kushner to relinquish his rights under ERISA, as set forth in the NRP Lawsuit, in order to receive his severance payment was contrary to the provisions of the Severance Payment and Release Agreement and contrary to the provisions of the Severance Plan.

40. Defendants violated the manner and content of the notification of benefit determination provisions of ERISA § 503, 29 U.S.C. § 1133, and the Department of Labor regulations thereunder, 29 C.F.R. 2560.503-1(g),in that they failed to accurately reference the plan provisions upon which the determination was based and failed to inform Mr. Kushner of the information needed to perfect his claim.

41. Defendants breached their fiduciary duties ERISA § 404, 29 U.S.C. § 1104, by failing to act in accordance with the Severance Plan.

42. Mr. Kushner is entitled to recover benefits under the Severance Plan.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff Kurt Kushner respectfully requests that this Court grant judgment in his favor and against Defendants and award relief as follows:

(a) An Order under 29 U.S.C. § 1132(a)(1)(B) awarding benefits due under the terms of the Severance Plan;

(b) An Order awarding the expenses of this suit, including costs, reasonable attorneys' fees and expert fees, and other disbursements;

(c) Prejudgment interest on all amounts recovered at the maximum rate allowable by law;

(d) An Order awarding all other equitable and appropriate relief which the Court deems necessary and proper.

| | |
|---|---|
| Date:  September 7, 2018 | Respectfully submitted,<br><br>s/ Tony C. Merry<br>Tony C. Merry (0042471)<br><br>**LAW OFFICES OF TONY C. MERRY, LLC**<br>7100 N. High Street, Suite 302<br>Worthington, OH  43085<br>(614) 372-7114 (Tel)<br>(614) 505-6109 (Fax)<br>tmerry@tmerrylaw.com |

Of Counsel:

Tybe A. Brett (PA ID No. 30064)
**FEINSTEIN DOYLE PAYNE**
  **& KRAVEC, LLC**
Law & Finance Building, Suite 1300
429 Fourth Avenue
Pittsburgh, PA  15219
(412) 281-8400 (Tel)
(412) 281-1007 (Fax)
tbrett@fdpklaw.com